**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIPPON ANIMATION CO., LTD,<br><br>Plaintiff,<br><br>v.<br><br>LAVITS FIGURE, et al.,<br><br>Defendants. | Civil Action No. 26-cv-4502 |

**[~~PROPOSED~~] PRELIMINARY INJUNCTION ORDER**

The Court has considered Plaintiff's application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion to Show Cause") and all the evidence submitted therewith and no opposition has been filed and no appearance in opposition to the motion having been filed despite proper notice; therefore. ~~and the oral arguments made at the hearing~~. Based on the papers and other evidence submitted in support of the Motion to Show Cause, and for good cause shown:

1. Plaintiff is likely to prevail on its copyright infringement claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries:

   a. Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's U.S. Copyright Registration No. PA 2-572-146 (the "CHIBI MARUKO-CHAN Work") in connection with the systematic advertisement, distribution, offering for sale, and sale of infringing products (the "Infringing Products") into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms held by Defendants (the "User Account(s)").

   b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts;

Case 1:26-cv-04502-JGK Document 27 Filed 06/30/26 Page 2 of 8

that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to Plaintiff's CHIBI MARUKO-CHAN Work.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with Plaintiff's CHIBI MARUKO-CHAN Work if a preliminary injunction order is not issued.

4. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention because Plaintiff is seeking provisional relief and Rule 65 requires notice instead of completed formal service under Rule 4 before a court may enter or maintain urgent provisional relief.

**ORDER**

The injunctive relief previously granted in the Temporary Restraining Order (the "TRO") shall remain in place through the pendency of this action, and issuing this preliminary injunction order (this "Order") is warranted under Federal Rule of Civil Procedure 65, and 17 U.S.C. § 502. Based on the foregoing, Plaintiff's Motion to Show Cause is hereby **GRANTED** and it is **ORDERED** as follows:

1. Because sufficient cause has been shown, Defendants are hereby enjoined and restrained from engaging in any of the following conduct during the pendency of this action or until further order of the Court:

Case 1:26-cv-04502-JGK Document 27 Filed 06/30/26 Page 3 of 8

a. manufacturing, importing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b. manufacturing, importing, advertising, offering for sale, selling, reproducing, or distributing any goods utilizing Plaintiff's CHIBI MARUKO-CHAN Work, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. using Plaintiff's CHIBI MARUKO-CHAN Work on or in connection with any online seller account, storefront name, or identifier ("Seller Aliases") that any Defendant may own, operate, or control on any marketplace;

e. any and all use of Plaintiff's CHIBI MARUKO-CHAN Work as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serve to direct computer searches to any Seller Aliases registered, owned or operated by any Defendant on any marketplace;

f. altering, disabling, closing, or transferring ownership of any Seller Alias on any marketplace, or creating any new Seller Alias or account on any marketplace for the purpose of engaging in any conduct prohibited by this

Case 1:26-cv-04502-JGK Document 27 Filed 06/30/26 Page 4 of 8

Order, during the pendency of this action, or until further Order of the Court.

**Asset Restraint**

2. Because sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a. within five (5) days of receipt of service of this Order, Financial Institutions (i) PayPal, Inc. ("PayPal"), (ii) Payoneer, Inc. ("Payoneer"), (iii) Ping Pong Global Solutions, Inc. ("Ping Pong"), (iv) Coinbase Global, Inc. ("Coinbase"), (v) Whaleco Inc. ("Temu"), and (vi) Shopify Inc. d/b/a Shop Pay ("Shop Pay") (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets"), and shall locate, attach, and restrain the transfer or disposal of monies, funds, or assets from Defendants' Accounts and Defendants' Assets until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

**Expedited Discovery**

3. Because sufficient cause has been shown, the expedited discovery order previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a. within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control): (i) identifying information for Defendants, including all

Case 1:26-cv-04502-JGK Document 27 Filed 06/30/26 Page 5 of 8

available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution; (ii) any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint, which shall also be attached hereto; and (iii) information concerning any of Defendants' Accounts or Defendants' Assets, including any and all related, connected, or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4. Because sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a. Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York, and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

**<u>Service by Electronic Mail and/or Electronic Publication</u>**

5. Pursuant to Fed. R. Civ. P. 4(f)(3), because sufficient cause has been shown, service of this Order and the Summons and Complaint may be made on and shall be deemed effective as to Defendants and third parties if it is completed by the following means after Plaintiff has taken reasonable effort to locate Defendants' addresses:

a. Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to

Case 1:26-cv-04502-JGK Document 27 Filed 06/30/26 Page 6 of 8

download PDF copies of this Order together with the Summons and Complaint, and all papers filed in this action by Plaintiff (the "Link"), to Defendants' e-mail addresses as provided by the Financial Institutions, and/or via the messaging systems of the applicable online marketplace platforms.

**Security Bond**

6. The $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

**Application to Vacate or Dissolve**

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff, supported by a memorandum of law and any supporting declarations, or on shorter notice as set by this Court. Plaintiff shall have seven (7) days from receipt of such motion to file opposition papers.

7/2/26
4:25 p.m.

John G. Koeltl, U.S.D.J.
UNITED STATES DISTRICT JUDGE

Case 1:26-cv-04502-JGK Document 27 Filed 06/30/26 Page 7 of 8

**Schedule A**

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | Lavits Figure | Domain | lavitsfigure.com |
| 2 | Vibe Cup Outlet | Temu | 634418226190265 |
| 3 | capybara PawPrint | Temu | 634418228328316 |
| 4 | Cc Mug Shop | Temu | 634418228175012 |
| 5 | Ceramic Mug Works | Temu | 634418228122329 |
| 6 | CfyMug Mug | Temu | 634418228278671 |
| 7 | Cute Cloud | Temu | 634418227965265 |
| 8 | Dune Drift Goods | Temu | 634418228202771 |
| 9 | Fabric Fusion BF | Temu | 634418227782085 |
| 10 | Gloves BKBK | Temu | 634418227923396 |
| 11 | Hai Huang Coffee Cup | Temu | 634418227967904 |
| 12 | HHuMug | Temu | 634418228220159 |
| 13 | huang Mug | Temu | 634418227967061 |
| 14 | JJ HATS | Temu | 634418225862381 |
| 15 | LifeMug Studio | Temu | 634418228390985 |
| 16 | lin qingbingqingbing | Temu | 634418224582331 |
| 17 | linnnnnxionggggg | Temu | 634418225887542 |
| 18 | linyoooofuuuuu | Temu | 634418225893370 |
| 19 | LMRBWRM | Temu | 634418227728970 |
| 20 | LTZBWBRM | Temu | 634418227746499 |
| 21 | LY Mug Creations | Temu | 634418226007643 |
| 22 | LYH Mug Best | Temu | 634418228171831 |
| 23 | Msaaljsdf | Temu | 634418228077063 |
| 24 | Mug goods | Temu | 634418228049477 |
| 25 | Mug Haven GO | Temu | 634418228172702 |
| 26 | Mug Haven YYY | Temu | 634418228195983 |
| 27 | MUG KINGS | Temu | 634418228049469 |
| 28 | Mugful Bk | Temu | 634418228171168 |
| 29 | Mugopia | Temu | 634418227080039 |
| 30 | Pop Flask Co | Temu | 634418228139948 |
| 31 | PurIPact | Temu | 634418227920135 |
| 32 | Quirky Ceramic Mugs | Temu | 634418228134283 |
| 33 | ROOOODMug | Temu | 634418228220023 |
| 34 | shuaishuaibeishaoutao | Temu | 634418228388393 |
| 35 | Solace Spruce Goods | Temu | 634418228152825 |
| 36 | SSSSASI | Temu | 634418228324305 |
| 37 | Su Home Mug | Temu | 634418228179685 |
| 38 | swedup | Temu | 634418228085057 |
| 39 | Thermal Cup KK | Temu | 634418228484168 |

Case 1:26-cv-04502-JGK Document 27 Filed 06/30/26 Page 8 of 8

| Doc No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 40 | XFU MKB BK | Temu | 634418228171531 |
| 41 | YcrMug | Temu | 634418226993679 |
| 42 | ZhuoMang | Temu | 634418228487908 |